UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SANTO COLABUFO, CORRINE CRUPI,
THOMAS DICKERSON, MARY ANN
FILIBERTO, CAMILLE LIGHTCAP,
PATRICIA PENDLETON, CLYDE WINTERS,
Individually and as Class Representatives            04-CV-1863
                                                                                              (TCP)(MLO)

                                  Plaintiffs,

                                                                                      **MEMORANDUM**
                - against -                                           **AND**
                                                                                      **ORDER**

CONTINENTAL CASUALTY COMPANY,
CNA FINANCIAL CORPORATION, and
CUNNINGHAM LINDSEY U.S., INC.

                                  Defendants.
------------------------------------------------------------X

PLATT, District Judge:

               Defendants, Continental Casualty Company ("CCC"), CNA

Financial Corporation ("CNA"), and Cunningham Lindsey U.S., Inc. ("CL"),

(collectively "Defendants"), move this Court pursuant to 28 U.S.C. § 1404(a) for

a change of venue.[1] CCC and CNA request that the action be transferred to the

United States District Court for the Northern District of Illinois, Eastern Division,

or alternatively to the United States District Court for the Northern District of

Texas. CL requests that the action be transferred to the United States District

---

[1] In connection with these motions, the Court will not consider the following letters received after the October 31, 2005 filing date: (i) a February 17, 2006 letter from Plaintiffs' counsel; (ii) a February 24, 2006 letter from counsel for CCC and CNA; and (iii) a February 27, 2006 letter from counsel for CL.

Court for the Northern District of Illinois or the Northern District of Texas. CL also moves to strike Plaintiffs' affidavits submitted in opposition to the motions to transfer venue; CCC and CNA join in that motion. For the following reasons, Defendants' motions are DENIED.

## BACKGROUND

Plaintiffs Santo Colabufo ("Colabufo"), Corrine Crupi ("Crupi"), Thomas Dickerson ("Dickerson"), Mary Ann Filiberto ("Filiberto"), Camille Lightcap ("Lightcap"), Patricia Pendleton ("Pendleton"), and Clyde Winters ("Winters") bring suit on their own behalf and purportedly on behalf of 450 similarly situated former employees of the Defendant companies (collectively "Plaintiffs"), alleging that CCC and CNA fired Plaintiffs and failed to give them severance pay in violation of various federal and State laws.

Plaintiffs reside throughout the United States. Named plaintiffs, Lightcap and Filiberto, reside within the Eastern District of New York. Defendant CNA, a holding company which owns CCC and other insurance companies, is the world's fourth largest commercial insurance writer, and according to Plaintiffs, is the sponsor for the severance and pension plans issued to CCC employees. CNA and CCC are both headquartered in Chicago, Illinois, within the Northern District of Illinois.

At various points in their employment, Plaintiffs were allegedly employed by CCC and/or RSKCo. RSKCo. was one of many of CCC's divisions or subsidiaries and was headquartered in Lewisville, Texas, within the Northern District of Texas. Plaintiffs allege that in furtherance of CCC's goal of removing older employees from its workforce, CCC began to negotiate with CL, also headquartered in Lewisville, Texas, during the spring of 2003 regarding the sale of RSKCo. On or about June 1, 2003, CL acquired RSKCo., and Plaintiffs officially became CL employees. Plaintiffs subsequently either quit their jobs at CL or were terminated by CL in late 2003 or early 2004.[2] On March 8, 2004, CL sold RSKCo. and another subsidiary to a Florida-based company, Broadspire.

---

[2] Specifically, the named Plaintiffs' individual employment histories at CL are as follows: Plaintiff Colabufo is fifty-four (54) and was fired on March 15, 2004. Plaintiff Crupi is forty-six (46), was terminated from CCC on September 3, 2002, rehired by CCC on October 24, 2002 and then ultimately fired by CL on August 22, 2003. Plaintiff Dickerson is forty-eight (48) years old and was terminated on March 15, 2004 by CL. Plaintiff Filiberto is forty-five (45) and was terminated by CL on August 29, 2003. Plaintiff Lightcap is fifty-four (54) and was terminated by CL on March 15, 2004. Plaintiff Pendleton is forty-nine (49) and had "no choice but to leave CL" in September 2003. Finally, Clyde Winters is fifty-five (55) and was laid-off by CL in November 2003.

**DISCUSSION**

I.   **Motions to Transfer Venue**

   A.   **Legal Standard under § 1404(a)**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404. The decision to transfer venue is left to the sound discretion of the district court and will not be overturned on appeal absent a clear showing of abuse. <u>Laumann Mfg. Corp. v. Castings USA</u>, 913 F. Supp. 712, 720 (E.D.N.Y. 1996) (citing <u>Filmline (Cross Country) Prods., Inc. v. United Artists Corp.</u>, 865 F.2d 513, 520 (2d Cir. 1989)). Great deference is given to a plaintiff's choice of venue, and a defendant bears a heavy burden in demonstrating the advisability of transfer. <u>Filmline</u>, 865 F.2d at 520. Courts in this Circuit are loathe to disturb a plaintiff's choice of forum absent a showing that the balance of convenience and justice weighs heavily in favor of transfer. <u>Somerville v. Major Exploration, Inc.</u>, 576 F. Supp. 902, 908 (S.D.N.Y. 1983).

Consideration of a motion to transfer venue requires a two-step inquiry. First, a court must determine whether the transferee district is one in which the action could have been brought. Second, a court must determine whether the goals of convenience and interests of justice are met by transfer.

Marshak v. Treadwell, 1995 U.S. Dist. LEXIS 21416, at *16 (E.D.N.Y. Jul. 14, 1995) (citing Hernandez v. Graebel Van Lines, 761 F. Supp. 983, 987 (E.D.N.Y. 1991)).  The factors relevant in making such a determination are the convenience of the parties, the convenience of witnesses, the relative means of the parties, the plaintiff's choice of forum, the location of events, the relative ease of access to sources of proof, the availability of process to compel attendance of witnesses, the cost of obtaining willing witnesses, calendar congestion, the desirability of having the case tried by the forum familiar with the substantive law to be applied, and practical difficulties.  Hernandez, 761 F. Supp. at 987; Russell Plastics Tech. Co., Inc. v. Simula, Inc., U.S. Dist. LEXIS 16114, at *4-5 (E.D.N.Y. Nov. 26, 1990).

The first step of the inquiry is easily determined here as the action could have been brought in either the Northern District of Illinois or the Northern District of Texas.  Pursuant to 28 U.S.C. § 1391(b), an action not founded "solely on diversity of citizenship" may be brought in a judicial district in which a substantial part of the events giving rise to the claim occurred.  Plaintiffs have invoked federal question jurisdiction for several of their claims.  Defendants assert, and Plaintiffs do not dispute, that either district proposed by Defendants would be a proper venue.  Specifically, CCC and CNA are located in Chicago and negotiated the sale of RSKCo. to CL in Chicago; CL is located in Lewisville, Texas and negotiated the sale of RSKCo. to Broadspire from that location.

B.   **Analysis of Relevant Factors**

With respect to the second step of the inquiry, Defendants urge the Court to conclude that the factors to be considered either weigh in favor of transfer or are neutral. Defendants argue that the only "party" that is not inconvenienced by the current forum is Plaintiffs' counsel, as only two named plaintiffs and Plaintiffs' counsel reside in this district. Moreover, Defendants argue that in a class action in which the class is nationwide, the plaintiffs' choice of forum is entitled to little weight. See In re Nematron Corp. Sec. Litig., 30 F. Supp. 2d 397, 405-06 (S.D.N.Y. 1998) (citing In re Warrick, 70 F.3d 736, 741 n.7 (2d Cir. 1995)).

The convenience of the parties and witnesses is considered the "most significant factor" in deciding a motion to transfer venue. First City Fed. Sav. Bank v. Registrar, 677 F. Supp. 236, 237 (S.D.N.Y. 1988). Defendants argue that this factor weighs in their favor in that the key defense witnesses are located in Chicago and Lewisville and that the majority of the Plaintiffs are closer to Chicago or Lewisville than to New York and will need to travel in any event. Plaintiffs argue that New York is their forum of choice, and as such, they are prepared and willing to travel to New York. Moreover, Plaintiffs assert that the inconvenience to Defendants' is not so great as to warrant a change of venue.

As an initial matter, the Court notes that Defendants' arguments

concerning "convenience" are seriously undermined by their request in the alternative that the action be transferred to the Northern District of Illinois or the Northern District of Texas. Where there is no single forum which is ideal and the defendant has not demonstrated that the inconvenience in one forum will be much greater than another, courts have denied motions to change venue. See Ahern v. N. Techs. Int'l Corp., 206 F. Supp. 2d 418, 422 (W.D.N.Y. 2002).

CCC or CNA's employees and witnesses will be equally inconvenienced whether they travel to New York or Lewisville, Texas. The same is true of CL's employees and witnesses. Without demonstrating an oppressive or unusual inconvenience to defense witnesses, a court should not grant a change of venue motion simply because these witnesses may live closer to the transferee forum. Saperstone v. Kapelow, 279 F. Supp. 781, 782 (S.D.N.Y. 1968).

In considering convenience, the Court must also consider the location of events, the relative ease of access to sources of proof, the availability of process to compel attendance of witnesses, and the cost of obtaining willing witnesses. Defendants' arguments in these respects suffer from the same deficiency noted above with respect to the convenience of the witnesses. As will be discussed in greater detail below, for this reason the Court affords substantial deference to Plaintiff's choice of forum and concludes that the "convenience of parties and witnesses" is a neutral factor. 28 U.S.C. § 1404.

Although a suit may be brought in any district where a plaintiff resides, courts, of course, consider where the operative facts occurred when deciding a motion to transfer venue. See Pall Corp. v. PTI Techs., Inc., 992 F. Supp. 196, 200 (E.D.N.Y. 1998). Defendants argue that the operative facts here occurred in either Chicago or Lewisville, not in New York. Defendants rely upon Butcher v. Gerber Products, 1998 U.S. Dist. LEXIS 11869 (S.D.N.Y. Aug. 3, 1998), wherein the court granted a motion to transfer venue because Gerber's decisions to outsource its sales force and to change its severance plan occurred in the transferee district. Plaintiffs counter that because Defendants' actions are split between two fora and stretch nationwide, the Court is unable to determine a single locus of operative events. Plaintiffs rely upon Funke v. Life Financial Corp., 2003 WL 194204, at *3 (S.D.N.Y. Jan. 28, 2003). In Funke, the court denied a motion for transfer in a class action lawsuit, in part, because the locus of operative events was split between two fora.

Similar to Butcher, the decisions to sell RSKCo. by CCC and CNA to CL and by CL to Broadspire were made in Chicago and Lewisville, respectively, and not New York. In Butcher, however, all of the critical decisions were made in one forum, that is, Michigan. In the instant case, the Court does not find the locus of operative events to be a compelling reason justifying transfer of the action at this stage. Where significant contacts exist with several fora, the

locus of operative events becomes less of a concern in deciding the motion to transfer venue. See, e.g., Funke, 2003 WL 194204, at *3 (finding deference to plaintiffs' choice of forum appropriate so long as forum was chosen for a legitimate reason and not to gain a tactical advantage).

The location of documents and ease of access to sources of proof similarly do not provide compelling reasons to transfer the action to either fora requested by Defendants. With the advent of modern technology and document management, no longer is it necessary to ship documents in paper form. In a recent case before this Court, in excess of several hundred thousands documents were exchanged in discovery – all of which were contained on less than fifty compact discs.

The availability of process to compel attendance of witnesses is also not a determinative factor in this case. Neither Defendants nor Plaintiffs have identified any witness who would be unwilling to attend the trial of this action absent the compulsion of a subpoena. CL makes note of two non-party witnesses who claim that they do not "currently intend" to testify in New York. At a minimum, it would appear that these two non-party witnesses are within CL's control given that CL was able to obtain signed affidavits from them. In addition, any witness unwilling to appear could be adequately represented through deposition testimony or videotaped testimony. See Westwood Ventures,

Ltd. v. Forum Fin. Group, 1997 U.S. Dist. LEXIS 6982, at *5 (S.D.N.Y. May 19, 1997) (deposition testimony); In re Nematron Corp. Sec. Litig., 30 F. Supp. 2d 397, 403 (S.D.N.Y. 1998) (recognizing that videotaped trial testimony may be appropriate in certain circumstances).

Also, in this age of low-cost and easily accessible air travel, in some cases costing less than a road trip, pure mileage traveled is not the issue it had once been. See Bistate Oil Co. v. Diamond Shamrock Exploration Co., 1985 WL 256, at *3 (S.D.N.Y. Feb. 6, 1985). Nowadays, a "forum is not necessarily inconvenient because of its distance from pertinent parties or places if it is readily accessible in a few hours of air travel." Calavo Growers of California v. Belgium, 632 F.2d 963, 969 (2d Cir. 1980) (Newman, J., concurring). Thus, the cost of obtaining willing witnesses does not weigh in favor of transfer.

The relative means of the parties is a factor that may be considered where a disparity exists between the parties, such as where an individual plaintiff sues a large corporation. See Hernandez, 761 F. Supp. at 989. Defendants do not contest the proposition that large corporate entities like themselves possess considerably greater financial assets than the Plaintiffs herein. This factor, however, is neutral as well given that Plaintiffs have not demonstrated that litigating this action in the requested transferee fora would impose an undue hardship on them.

As to the forum's familiarity with the governing law, the Court assumes that the federal courts in this district as well as the Northern Districts of Illinois or Texas are equally familiar with the legal principles and statutes relevant to the resolution of this case. Accordingly, this factor does not favor either the Defendants or Plaintiffs. In addition, this Court has previously decided a motion to dismiss brought by CCC and CNA and is very familiar with the claims and defenses at issue in this action. See Colabufo, et al. v. Contintental Casualty Co., et al., 04-CV-1863 (TCP) (MLO), Docket Entry 25, dated Feb. 25, 2005.

Defendants argue that the calendar of the courts in the Eastern District of New York is far more congested than that in either proposed transferee forum. CL presents the Court with a chart detailing the number of pending cases per judge, weighted filings per judge, percentage of cases over three years old, the median time from filing to trial, and the median time from filing to disposition. In each category except weighted filings per judge, not surprisingly, the chart supports the conclusion that litigation of the action in either transferee forum would result in a more expeditious trial. Nonetheless, despite the pendency of this motion, the parties have continued to litigate the action and Magistrate Judge Michael Orenstein has supervised discovery, which is on-going at the present time. Thus, it is reasonable to expect that this action will be resolved

expeditiously in this district. In addition, congestion of the courts, though entitled to some weight, is not dispositive. See Laumann Mfg. Corp. v. Castings USA, 913 F. Supp. 712, 721 (E.D.N.Y. 1996) (noting that if "the parties move along as urged by the Magistrate Judge in charge of discovery, a jury case can be heard within two years in this Court."). In short, although this factor does tip in favor of a transfer, its importance is rather limited.

Lastly, the Court is left to address the Plaintiffs' choice of forum, which is generally entitled to substantial weight and should not be disturbed unless the balance of the factors is strongly in favor of the Defendants. See Orb Factory, Ltd. v. Design Science Toys, Ltd., 6 F. Supp. 2d 203, 210 (S.D.N.Y. 1998). Where the factors are equally balanced, a plaintiff is entitled to its choice. See Teachers Ins. and Annuity Ass'n of America v. Butler, 592 F. Supp. 1097, 1106 (S.D.N.Y. 1984). The defendant moving for transfer bears the heavy burden of demonstrating "'that transfer is in the best interests of the litigation.'" In re Nematron, 30 F. Supp. 2d at 400 (citing Linzer v. EMI Blackwood Music, Inc., 904 F. Supp. 207, 216 (S.D.N.Y. 1995) (quotation omitted)).

As Defendants contend, a plaintiff's choice of forum is entitled to less deference where the plaintiff is not a resident of the forum, the cause of action is minimally connected with the forum, or in a class action, the class is geographically diverse. See, e.g., Eichenholtz v. Brennan, 677 F. Supp. 198, 201

(S.D.N.Y. 1988); In re Nematron Corp. Sec. Litig., 30 F. Supp. 2d 397, 405-06 (S.D.N.Y. 1998).  Although the moving parties have made a strong showing, it is not clear that transfer is appropriate.  A balancing of convenience and interests of justice here does not result in the required conclusive tipping toward either suggested transferee forum.  Accordingly, Defendants' motions to transfer venue are DENIED.

**II.    Motion to Strike**

CL, joined by CCC and CNA, moves the Court to strike or disregard the affidavits of Colabufo, Crupi, Lightcap, and Pendleton filed in support of Plaintiffs' opposition to Defendants' motions for a change of venue.  Defendants assert that the affidavits should be stricken because they: (i) contain legal argument and are not based upon personal knowledge, and (ii) fail to address issues relevant to venue.

Rule 12(f) of the Federal Rules of Civil Procedure permits a court to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed R. Civ. P. 12(f).  "Motions to strike are not favored and will not be granted unless it is clear that the allegations in question can have no possible bearing on the subject matter of the litigation."  Allocco v. Dow Jones & Co., Inc., 2002 U.S. Dist. LEXIS 12542, at *3 (S.D.N.Y.

July 10, 2002) (internal quotations omitted); Food and Allied Serv. Trades Dep't v. Millfeld Trading Co., 841 F. Supp. 1386, 1392 (S.D.N.Y. 1994) (citation omitted); see also William Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp., 744 F.2d 935, 939 (2d Cir. 1984), vacated on other grounds, 478 U.S. 1015 (1986). Before a court will strike redundant, immaterial or impertinent matters, "the defendant must demonstrate that no evidence in support of the allegation would be admissible, that the allegations have no bearing on the issues in the case, and that to permit the allegations to stand would result in prejudice to the movant." Alloco, 2002 U.S. Dist. LEXIS 12542, at *3 (citing Metrokane, Inc. v. The Wine Enthusiast, 160 F. Supp. 2d 633, 641-42 (S.D.N.Y. 2001) (citations and internal quotations omitted)).

Defendants' first contention is that the affidavits are not based upon personal knowledge. Defendants' take issue with numerous statements contained in Plaintiffs' affidavits. (CL's Strike Mem. at 2-4). A review of these excerpts from Plaintiffs' affidavits, however, reveals that they do contain information based upon the affiants' personal knowledge and relevant to the Court's consideration of the motions to transfer venue.

An affidavit will be admissible where a reasonable trier of fact could believe the witness had personal knowledge. Searles v. First Fortis Life Ins. Co., 98 F. Supp. 2d 456, 461 (S.D.N.Y. 2000). An affiant may testify to

conclusions based on her personal observations over time.  Id.  Similarly, witnesses may testify to and summarize their impressions.  See Kehoe v. Anheuser-Busch, Inc., 995 F.2d 117, 119 n.3 (8th Cir. 1993); State of New York v. Saint Francis Hosp., 94 F. Supp. 2d 423, 427 (S.D.N.Y. 2000) (affiant may testify as to his perception of how parties interacted); see also Lightfoot v. Union Carbide Corp., 110 F.3d 898, 911 (2d Cir. 1997) (affirming admission of testimony that witness believed that plaintiff was dismissed because of his age).

Applying these standards, Plaintiffs' affidavits are properly based upon personal knowledge.  See Shannon v. New York City Transit Auth., 189 F. Supp. 2d 55, 66-67 (S.D.N.Y. 2002) (denying motion to strike affidavit based on personal knowledge).  Moreover, the lack of certain specific details or arguably vague or conclusory statements will not render Plaintiffs' affidavits inadmissible, but instead affects the weight and credibility of the testimony, which will be determined by the trier of fact at trial.  See King v. Auto, Truck, Indus. Parts & Supply, 21 F. Supp. 2d 1370, 1375 (N.D. Fla. 1998); Crosfield Hastech, Inc. v. Harris Corp., 672 F. Supp. 580, 590 (D.N.H. 1987).  To the extent that Plaintiffs have asserted legal conclusions and are unable to provide an adequate basis for their personal knowledge, Plaintiffs will be subjected to cross-examination and, if appropriate, their credibility with respect to the statements contained in their affidavits undermined.  Also, the Court is more than capable of parsing legal

conclusions from factual assertions. See <u>Metro. Intercollegiate Basketball Ass'n v. NCAA</u>, 337 F. Supp. 2d 563, 573 (S.D.N.Y. 2004) (denying motion to strike affidavit and disregarding any legal conclusions contained therein).

In addition, Defendants have not demonstrated to the Court how they have been prejudiced by the affidavits at issue. <u>Alloco</u>, 2002 U.S. Dist. LEXIS 12542, at *3 (citing <u>Metrokane, Inc. v. The Wine Enthusiast</u>, 160 F. Supp. 2d 633, 641-42 (S.D.N.Y. 2001) (citations and internal quotations omitted)). Defendants have had, and have availed themselves of, adequate opportunity to respond. For the reasons stated above and because Defendants have not demonstrated prejudice, Defendants' motion to strike is DENIED.

## **CONCLUSION**

For the foregoing reasons, Defendants' motions for a change of venue and to strike are hereby DENIED.

SO ORDERED.

               <u>   s/s Thomas C. Platt         </u>
               Thomas C. Platt, U.S.D.J.

Dated: Central Islip, New York
    April 27, 2006